UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Victoria Stewart, Plaintiff v. State Farm Fire and Casualty Company, Defendant | Case No. 2:25-cv-01292-CDS-BNW **Order Accepting the Magistrate Judge's Report and Recommendation** [ECF No. 29] |

This breach-of-contract insurance dispute, filed by plaintiff Victoria Stewart in the Eighth Judicial District Court, was removed to this court by State Farm Fire and Casualty Company in July 2025. Pet., ECF No. 1. United States Magistrate Judge Brenda Weksler now recommends that I dismiss Stewart's claims for her failure to comply with the court's orders requiring her to attend a hearing and file a status report regarding her pro se status. R&R, ECF No. 29. Judge Weksler's warned Stewart that failure to comply may result in dismissal of this action.[1] ECF No. 27. However, Stewart failed to attend the hearing, and the deadline for filing the status report passed without her compliance.

Stewart had until August 5, 2026, to file objections to the magistrate judge's findings and recommendation. ECF No. 29 at 3 (citing 28 U.S.C. § 636(b)(1)(C); *see also* Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days). But Stewart neither objected to the R&R[2] nor requested more time to do so, and "[n]o review is required of a magistrate judge's

[1] Stewart's counsel withdrew on July 1, 2026. ECF No. 27. Stewart was ordered to file a status report within fourteen days alerting the court as to whether she would be proceeding pro se or retaining new counsel. *Id.* Counsel served Stewart with a copy of the court's minute order by email and by certified letter on July 2, 2026. ECF No. 28.

[2] It is unlikely that Stewart received a copy of the R&R. However, providing a copy is futile because Stewart failed to provide her address—a violation of Local Rule IA 3-1—making it an ineffective and meaningless alternative to notice in this circumstance. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only

report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I nonetheless reviewed the magistrate judge's findings and conclusion and agree that the factors set forth in *In re Phenylpropanolamine Products Liability Litigation* weigh in favor of dismissal. ECF No. 29 at 2 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). Stewart failed to comply with the court's orders requiring her to attend a hearing and file a status report regarding her representation, despite being warned that failure to do so could result in dismissal. And a court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey*, 856 F.2d at 1440–41. I agree that Stewart's lack of response implies she has abandoned her case. Accordingly, I adopt the magistrate judge's findings and accept the R&R in full.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 29] is accepted in its entirety and adopted in full**; therefore, this case is dismissed without prejudice. The clerk of court is kindly instructed to enter judgment accordingly and to close this case.

Dated: August 14, 2026

Cristina D. Silva
United States District Judge

find itself taking a round trip tour through the United States mail."). No alternative sanctions are available because the court cannot contact Stewart to communicate them.